Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000318
28-MAR-2019
07:56 AM

NO. CAAP-16-0000318

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FIRST HAWAIIAN BANK, Plaintiff-Appellee,
v.
ASSOCIATION OF APARTMENT OWNERS OF PALM VILLAS II,
by its Board of Directors, Defendant-Appellant,
and
KIMBERLY J.L. KAOHI; EWA BY GENTRY COMMUNITY ASSOCIATION,
a Hawaii nonprofit corporation; ONEMAIN FINANCIAL (HI), INC.,
a Hawaii corporation, Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; DOE GOVERNMENTAL
UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-0912)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

In this appeal arising out of a foreclosure action,
Defendant-Appellant Association of Apartment Owners of Palm
Villas II (the AOAO) appeals from the "Judgment Re: Order
Granting Plaintiff's Motion for Confirmation of Sale, Directing
Distribution of Proceeds, for Deficiency Judgment, Writ of
Possession and Disposal of Personal Property Filed January 21,
2016" (Judgment) entered on March 21, 2016, by the Circuit Court

of the First Circuit (circuit court).[1]

The Judgment was entered on an order (Order) confirming the sale of foreclosed property on which Plaintiff-Appellee First Hawaiian Bank (FHB) had already obtained a prior judgment on a decree of foreclosure against the AOAO and Defendants-Appellees Kimberly J. L. Kaohi, the Ewa by Gentry Community Association, and Onemain Financial (HI), Inc. In the Order, the circuit court ruled that the amount of special assessment the AOAO was entitled to collect pursuant to Hawaii Revised Statutes (HRS) § 514B-146 (2006 & Supp. 2017) was zero.

I.

On March 21, 2012, the AOAO filed a lien on a condominium unit located in Ewa Beach, Hawai'i (the Property) in the Office of the Assistant Registrar of the Land Court of the State of Hawai'i (Land Court) pursuant to HRS § 514B-146 for unpaid assessments (Doc No. T-8116296). On October 29, 2013, the AOAO initiated nonjudicial foreclosure proceedings, by recording in the Land Court a notice of default and intention to foreclose (Doc. No. T-8702353).

On July 11, 2014, the AOAO conducted a nonjudicial foreclosure auction under power of sale. As the highest bidder, the AOAO purchased the Property for an amount less than the delinquency. On July 21, 2014, the AOAO filed in the Land Court an affidavit of nonjudicial foreclosure under power of sale (Doc. No. T-8967211). On August 21, 2014, the AOAO recorded a quitclaim deed (Doc. No. T-8998241), conveying title to the Property to itself. The AOAO rented out the Property and collected the rental income.

In May 2015, subsequent to the AOAO's nonjudicial foreclosure, FHB initiated judicial foreclosure proceedings pursuant to a mortgage executed by the former unit owner, Kimberly J. L. Kaohi. On June 25, 2015, FHB filed Plaintiff's Motion for Summary Judgment as to All Claims and All Parties,

---

[1] The Honorable Bert I. Ayabe presided.

Interlocutory Decree of Foreclosure and Order of Sale (MSJ). In its limited opposition to the MSJ, the AOAO argued that it should be allowed to remain in possession of the Property and continue renting it out until FHB's judicial foreclosure was completed or until the debt to the AOAO was paid in full. The AOAO also sought to assert and reserve its right to collect a six-month special assessment at the completion of FHB's judicial foreclosure. At the hearing on the MSJ on September 23, 2015, the circuit court granted the MSJ and reserved ruling on whether the AOAO was entitled to a special assessment for the hearing on the confirmation of the sale. The circuit court also allowed the AOAO to remain in possession of the Property and collect the rental proceeds but required the AOAO to provide an accounting of how the rental income was being applied prior to the confirmation hearing.

On January 12, 2016, FHB conducted a public auction in its judicial foreclosure. The highest bidder was a third party named Marc Lonnstrom (the Purchaser). In a limited memorandum in opposition to FHB's motion to confirm the sale, the AOAO sought to collect six months of special assessments pursuant to HRS § 514B-146(g) and (h) (Supp. 2017). The circuit court ruled that the amount of the special assessment that the AOAO was entitled to collect was zero.

II.

On appeal, the AOAO contends that the circuit court erred in its interpretation of HRS § 514B-146 in reaching its conclusion that the amount of the special assessment that the AOAO was entitled to collect was zero. The AOAO asserts that, following completion of its nonjudicial foreclosure,[2] the Property was still delinquent and the AOAO's lien on the Property remained, and thus, the AOAO was entitled to recover special assessments from the Purchaser at the judicial foreclosure

---

[2] No party challenges the validity of the nonjudicial foreclosure proceedings. See Sakal v. Ass'n of Apartment Owners of Hawaiian Monarch, 143 Hawai'i 219, 426 P.3d 443 (App. 2018). Accordingly, we do not address the issue herein.

auction, pursuant to HRS § 514B-146(g).[3] In support of its arguments, the AOAO interprets HRS § 514B-146(k) (Supp. 2017)[4] as providing that an association's statutory lien for unpaid assessments survives the association's foreclosure on the lien, and HRS § 667-103 (2016)[5] as providing that a property is still delinquent if the full amount of the delinquency is not recovered by the association upon its foreclosure.

In Am. Sav. Bank, F.S.B. v. Ass'n of Apartment Owners of the Hanohano Hale, No. CAAP-15-0000689, 2019 WL 968641 (Haw. App. Feb. 28, 2019) (Mem. Op.), we recently considered the same issues and rejected the same arguments. Consistent with our

---

[3]    HRS § 514B-146(g) (Supp. 2017) provides, in relevant part:

(g) Subject to this subsection, and subsections (h) and (i), the board may specially assess the amount of the unpaid regular monthly common assessments for common expenses against a mortgagee or other purchaser who, in a judicial or nonjudicial power of sale foreclosure, purchases a delinquent unit[.]

(Emphasis added).

[4]    HRS § 514B-146(k) (Supp. 2017) provides, in relevant part:

(k) After any judicial or nonjudicial foreclosure proceeding in which the association acquires title to the unit, any excess rental income received by the association from the unit shall be paid to existing lien holders based on the priority of lien, and not on a pro rata basis, and shall be applied to the benefit of the unit owner. For purposes of this subsection, excess rental income shall be any net income received by the association after a court has issued a final judgment determining the priority of a senior mortgagee and after paying, crediting, or reimbursing the association or a third party for:

(1) The lien for delinquent assessments pursuant to subsections (a) and (b);

. . .

provided that the lien for delinquent assessments under paragraph (1) shall be paid, credited, or reimbursed first.

[5]    HRS § 667-103 (2016) provides:

Except as provided in section 667-92(f)(2), the recordation of both the conveyance document and the affidavit shall not operate as full satisfaction of the debt owed by the unit owner to the association unless the sale proceeds from the unit or the amounts paid by a purchaser under the special assessment permitted by section 421J-10.5 or 514B-146 are sufficient to satisfy the unit owner's debt to the association[.]

4

decision in <u>Hanohano</u>, we conclude that the AOAO's nonjudicial foreclosure extinguished its lien for delinquent assessments and thus the Property was not delinquent for purposes of HRS § 514B-146(g) when the Purchaser purchased it via the judicial foreclosure.  The AOAO therefore did not have the right to seek a special assessment from the Purchaser.

III.

Accordingly, we affirm the "Judgment Re: Order Granting Plaintiff's Motion for Confirmation of Sale, Directing Distribution of Proceeds, for Deficiency Judgment, Writ of Possession and Disposal of Personal Property Filed January 21, 2016" entered on March 21, 2016, by the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawai'i, March 28, 2019.

On the briefs:

R. Laree McGuire,
Linda E. Ichiyama
and Cheryl A.K. Fraine
(Porter McGuire Kiakona &
Chow, LLP)
for Defendant-Appellant.

Jonathan W.Y. Lai
and David Y. Nakashima
(Watanabe Ing LLP)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5